Filed 1/6/23 P. v. Morales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL EMMITT MORALES,<br><br>    Defendant and Appellant. | H049793<br>(Monterey County<br>Super. Ct. No. 20CR004790) |

Defendant Samuel Emmitt Morales appeals from a four-year sentence imposed after he pleaded no contest to threatening a witness and admitted he had suffered a prior strike conviction. Upon defendant's timely appeal, we appointed counsel to represent him in this court. Appellate counsel filed a brief stating the case and facts but raising no issues. We notified defendant of his right to submit written argument on his own behalf, and he has not done so.

We have reviewed the entire record to determine if there are any arguable appellate issues. (*People v. Wende* (1979) 25 Cal.3d 436, 440–441.) We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed. (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124.) Finding no arguable issue, we will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

According to testimony from the preliminary hearing, a Salinas police officer monitoring a protest in June 2020 observed defendant "chanting things along the lines of

'Fuck the police,' 'Let's burn this shit down,' as well as, 'Let's go looting. I want some free stuff.' " Defendant was in a car with a woman. Defendant was on parole, and was later arrested at the parole office. While in custody, defendant communicated a number of threats to the woman who had been with him at the protest. Defendant called her a "Rata" (Spanish for rat) and threatened violence against her.

Defendant was held to answer and charged by information with threatening a witness (Pen. Code, § 140, subd. (a)); three counts of attempted criminal threats (Pen. Code, §§ 664, 422, subd. (a)); and misdemeanor inciting a riot (Pen. Code, § 404.6, subd. (a)). The information alleged defendant had suffered one prior strike conviction (Pen. Code, § 1170.12).

As part of a negotiated disposition, defendant pleaded no contest to threatening a witness (Pen. Code, § 140, subd. (a)) and admitted the prior strike conviction in return for a sentence of no more than four years in prison. The agreement allowed defendant to bring a motion to strike the prior strike conviction, which the trial court denied. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The agreement also included a waiver of appellate rights.

The trial court sentenced defendant to four years in prison, consisting of the low term for threatening a witness, doubled because of the prior strike conviction. (Pen. Code, §§ 140, subd. (a); 1170.12, subd. (c)(1).) The court dismissed the remaining counts on the prosecution's motion. The court imposed a $1,200 restitution fine (§ 1202.4, subd. (b)(1)) and a suspended $1,200 parole revocation fine (§ 1202.45); a $40 court operations assessment (§ 1465.8); and a $30 court facilities funding assessment (Gov. Code, § 70373). Defendant received 492 days of presentence custody credit, based on 246 actual days and 246 days' conduct credit (§ 4019).[1]

---

[1] While this appeal was pending, defendant's appointed counsel moved in the trial court to strike all fines and fees. (Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1171.) The trial court denied the motion.

We have reviewed the entire record and find no arguable issue.

## II. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H049793 -** *The People v. Morales*